UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL ACTION |
| VERSUS | * | NO. 19-6 |
| LARRY HAMILTON | * | SECTION "L" |

### ORDER & REASONS

Before the Court is *pro se* Defendant Larry Hamilton' Motion for Appointment of Counsel and Habeas Corpus pursuant to 28 U.S.C. § 2255(c). R. Doc. 228. Considering the motion, the record, and the applicable law, the Court now rules as follows.

I. **BACKGROUND**

On April 15, 2021, Defendant Larry Hamilton pled guilty to two counts of a superseding indictment. R. Doc. 102. Count One charged him with "Conspiracy to Commit Hobbs Act Robbery" in violation of 18 U.S.C. § 1951(a) arising from his participation in a conspiracy to rob a Dominos Pizza restaurant. Count Two charged him with "Brandishing a Firearm During and in Relation to a Crime of Violence," a violation or 18 U.S.C. § 924(c)(1)(A)(ii), in relation to this robbery. R. Doc. 104. On August 18, 2022, this Court sentenced Mr. Hamilton to 51 months as to Count One and 84 months as to Count Two, to be served consecutively. R. Doc. 190. Accordingly, Mr. Hamilton is presently serving a total term of imprisonment of 135 months. *Id.*

On July 1, 2024, Mr. Hamilton filed a motion to reduce his sentence pursuant to Amendment 821. R. Doc. 226. The Court referred the motion to the 821 Screening Committee for a determination of Mr. Hamilton's eligibility for such a reduction. R. Doc. 227. The motion is presently still pending before the Committee.

1

## II. PRESENT MOTION

On July 9, 2024, Mr. Hamilton filed a *pro se* motion for appointment of counsel pursuant to 18 U.S.C § 3006, habeus corpus pursuant to 28 U.S.C. § 2241, and vacatur of his sentence pursuant to 28 U.S.C. § 2255. R. Doc. 228. He alleges that he is "innocent" of his conviction under Count Two, the § 924(c) firearms charge, because his Hobbs Act conviction is no longer a crime of violence "in light of *Davis*, *Taylor*, *Dimaya*, *Johnson* and *Welch*, Supreme Court precedent." *Id.* Accordingly, he argues that his Hobbs Act conviction is not a qualifying "predicate" that could support his firearms charge. *Id.*

## III. APPLICABLE LAW

Except under limited circumstances not relevant to the instant motion, there is no constitutional right to the assistance of counsel for defendants seeking post-conviction relief. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Nevertheless, 18 U.S.C. § 3006A provides federal district courts with the discretionary power to appoint counsel to indigent individuals seeking relief under 28 U.S.C. §§ 2241, 2254, or 2255, when "the interests of justice so require." 18 U.S.C. § 3006A(a)(2). Whether the interests of justice require the appointment of counsel depend in large part on the merits of the motion, the complexity of the legal and factual arguments raised by the petitioner's motion, and the capabilities of the petitioner. *United States v. Barnes*, 662 F.2d 777, 780 (D.C. Cir. 1980); *see also United States v. Emmons*, 154 F.3d 417 (5th Cir. 1998) (denying motion to appoint counsel where the issues presented were "straightforward"); *Schwander v. Blackburn*, 750 F.2d 494, 502 (5th Cir. 1985) (denying motion to appoint counsel where petitioner's pro se brief addressed the relevant issues and pertinent facts, which were "not particularly complex").

2

IV.     DISCUSSION

The Court finds that the "interests of justice" require that counsel be appointed for Mr. Hamilton. 18 U.S.C. § 3006A(a)(2). As to the first *Barnes* factor, the merits of the motion, the Court finds that Mr. Hamilton's motion is potentially meritorious. 662 F.2d at 780.

Here, Mr. Hamilton was convicted of a violation of 18 U.S.C. § 924(c)(1)(a). A person violates this law if they use, carry, or possess a firearm "during and in relation to any crime of violence." 18 U.S.C. § 924(c)(1)(a). Before 2019, an offense could qualify as a crime of violence if it met the requirements of either of two clauses. *Id.* § 924(c)(3). First, under the "elements clause," the statute included any felony "that has as an element the use, attempted use, or threatened use of physical force against the person or property of another." *Id.* Second, under the "residual clause," the statute encompassed any felony "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." *Id.*

In *United States v. Davis*, the Supreme Court held that the "residual clause" was "unconstitutionally vague." 588 U.S. 445, 448 (2019). Accordingly, only crimes that meet the requirement of the "elements clause"—that is, crimes that have an element of threatened, attempted or actual physical force—can qualify as "crimes of violence" sufficient to support a § 924(c) charge. *Id.* The Fifth Circuit has held that "*Davis* announced a new rule of constitutional law retroactively applicable." *United States v. Reece*, 938 F.3d 630, 635 (5th Cir. 2019), *as revised* (Sept. 30, 2019).

Thereafter, in *United States v. Taylor*, the Supreme Court held that "attempted" Hobbs Act robbery is not a "crime of violence" within the meaning of § 924(c). 596 U.S. 845, 851 (2022). The Court noted that attempted Hobbs Act robbery only requires that the defendant "intended to

3

unlawfully take or obtain property by actual or threatened force" and that he "completed a substantial step toward that end." *Id.* The Court held that "*attempted* Hobbs Act robbery does not satisfy the elements clause" because a person could have "intent" to use force without ever actually attempting, threatening, or using force, as required by the elements clause. *Id.* Notably, although the Court's analysis focused on attempted Hobbs Act robbery, the defendant in Taylor had also pled guilty to "conspiracy to commit Hobbs Act robbery."

Here, Mr. Hamilton pled guilty to only two counts: "conspiracy to commit Hobbs Act robbery" and the §924(c) firearms charge. Accordingly, he appears to have a strong argument that his § 924(c) conviction is invalid because his predicate offense, conspiracy to commit Hobbs Act robbery, is not a crime of violence in light of *Taylor.* Accordingly, the Court finds that his motion has potential merit.

As to the second *Barnes* factor, the complexity of the legal arguments to be made, this factor also militates in favor of appointing counsel. 662 F.2d at 780. The Court notes that Mr. Hamilton may face a challenge in overcoming the applicable statute of limitations. Mr. Hamilton seeks to file a motion to vacate under 28 U.S.C. § 2255. This statute provides that a "1-year period of limitations . . . shall run from the latest of the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *Id.* § 2255(f)(3). Because *Taylor* was decided on June 21, 2022, and Mr. Hamilton filed the instant motion on July 9, 2024, his motion does not appear timely. Accordingly, to prevail on his motion, Mr. Hamilton will likely need to assert more complex legal arguments such as equitable tolling.

As to the last *Barnes* factor, the Court notes that Mr. Hamilton seems quite capable and has asserted a potentially viable legal theory in his *pro se* motion. 662 F.2d at 780. Nevertheless, the

Court finds that this factor is outweighed by the above factors and exercises its discretion to appoint counsel for Mr. Hamilton. 18 U.S.C. § 3006A(a)(2).

### V.     CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Mr. Hamilton's Motion, R. Doc. 228, is **GRANTED** in part and **DENIED** in part. The motion is **GRANTED** in that the Court will appoint counsel. As to Mr. Hamilton's requests for relief pursuant to 28 U.S.C. §§ 2241 and 28 U.S.C. § 2255, the motion is **DENIED** without prejudice. Mr. Hamilton may re-urge these requests with the assistance of counsel.

New Orleans, Louisiana, this 5th day of August, 2024.

UNITED STATES DISTRICT JUDGE