UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL ACTION |
| VERSUS | * | NO. 19-6 |
| LARRY HAMILTON | * | SECTION "L" |

## ORDER & REASONS

Before the Court is Defendant Larry Hamilton's Motion to Vacate pursuant to 28 U.S.C. § 2255(c). R. Doc. 237. The Government opposes the motion. R. Doc. 240. Considering the record, the briefing, and the applicable law, the Court now rules as follows.

### I.      BACKGROUND

On April 15, 2021, Defendant Larry Hamilton pled guilty to two counts of a Superseding Indictment. R. Doc. 102. Count One charged him with "Conspiracy to Commit Hobbs Act Robbery" in violation of 18 U.S.C. § 1951(a). Count Two charged him with "Brandishing a Firearm During and in Relation to a Crime of Violence," in violation of 18 U.S.C. § 924(c)(1)(A)(ii). R. Doc. 104. On August 18, 2022, this Court sentenced Mr. Hamilton to 51 months as to Count One and 84 months as to Count Two, to be served consecutively for a total term of imprisonment of 135 months. R. Doc. 190.

On July 9, 2024, Mr. Hamilton filed a *pro se* motion for appointment of counsel pursuant to 18 U.S.C § 3006, habeus corpus pursuant to 28 U.S.C. § 2241, and vacatur of his sentence pursuant to 28 U.S.C. § 2255. R. Doc. 228. He alleged that he is "innocent" of Count Two because "Hobbs Act Robbery is not a crime of violence predicate for a 924(c) firearm enhancement in light of *Davis*, *Taylor*, *Dimaya*, *Johnson* and *Welch*, Supreme Court precedent." *Id.*

The Court observed that Mr. Hamilton raised a potentially colorable argument but that the issue was complex and warranted further development. R. Doc. 229. Accordingly, the Court granted Mr. Hamilton request to appoint counsel to assist him in filing a revised motion. *Id.*

## II.    PRESENT MOTION

Defendant re-urges his motion with the assistance of counsel. R. Doc. 237. He argues that the Supreme Court's recent decision in *United States v. Taylor*, 596 U.S. 845 (2022) establishes that "conspiracy to commit" Hobbs Act Robbery is not categorically a crime of violence that can support a § 924(c) charge. *Id.* at 4. However, he concedes that courts have reiterated that *actual* Hobbs Act Robbery is a qualifying predicate crime of violence. *Id.* Further, Defendant recognizes that his indictment specified actual Hobbs Act Robbery, rather than the "conspiracy" charged in Count One, as the predicate crime of violence for his § 924(c) charge. *Id.* at 11. That is, Count Two charges that he, "aiding and abetting others, did knowingly brandish, carry and use a firearm during and in relation to a crime of violence . . . that is, the Hobbs Act armed robbery of a Domino's Pizza." *Id.* Thus, Defendant recognizes that "the government likely will argue that the language of Count Two dictates the predicate offense, not the offense charged in Count One, and as a result, it has alleged a valid [crime of violence] predicate to support the § 924(c) charge." *Id.* He further concedes that case law suggests that "it is only the fact of the offense, and not a conviction, that is needed to establish the required predicate." *Id.* at 12. However, he argues that the law is not clear as to "[w]hether the corresponding [crime of violence] offense charged or the language in the § 924(c) count determines the predicate offense."[1] *Id.* at 11.

---

[1] Defendant also argues that his motion is timely for a variety of reasons. R. Doc. 237 at 4-9. However, this issue is moot because the Government "decline[s] to asset its affirmative defense of untimeliness" given the "murky" issue as to whether the Court's issuance of an amended judgment reflecting a final restitution determination starts a new clock for § 2255(f) limitations purposes. R. Doc. 240.

The Government opposes the motion. R. Doc. 240. It argues that Defendant's indictment clearly specifies actual Hobbs Act Robbery, not the conspiracy charged in Count One, as the predicate offense for the § 924(c) charge. *Id.* at 6. And, it avers that no underlying conviction is necessary for a § 924(c) count. *Id.* at 9. Thus, it avers that Defendant's motion fails. *Id.*

### III.    APPLICABLE LAW

Under 28 U.S.C. § 2255, a federal prisoner may move the court that imposed his sentence to vacate, set aside or correct the sentence.  28 U.S.C. § 2255(a). Section 2255 identifies only four bases on which the motion may be made: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack." *Id.*; *see also United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). A claim of error that is neither constitutional nor jurisdictional is not cognizable in a § 2255 proceeding unless the error constitutes a "fundamental error" that "renders the entire proceeding irregular or invalid." *United States v. Addonizio*, 442 U.S. 178, 185 (1979). The petitioner bears the burden of establishing the error by a preponderance of the evidence. *Wright v. Bondurant*, 689 F.2d 1246, 1251 (5th Cir. 1982). If the Court finds that the prisoner is entitled to relief, it "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).

### IV.    DISCUSSION

The Court agrees with the Government that Defendant's motion must be denied. The law is now clear that conspiracy to commit Hobbs Act Robbery is not a qualifying predicate for a § 924(c) charge. *See Taylor*, 596 U.S. at 850. Crucially, however, Defendant's indictment does *not* list the Hobbs Act conspiracy charged in Count One as the predicate offense for Count Two, his §

3

924(c) charge. Rather, his indictment states that the predicate for the § 924(c) charge is an *actual*

"Hobbs Act armed robbery of a Domino's Pizza." R. Doc. 37 at 4.

Although Defendant was not separately charged with actual Hobbs Act Robbery, the Fifth

Circuit has held that "it is only the fact of the offense, and not a conviction, that is needed to

establish the required predicate" for a § 924(c) charge. *United States v. Munoz-Fabela*, 896 F.2d

908, 911 (5th Cir.), *cert. denied*, 498 U.S. 824 (1990); *see also United States v. Ruiz*, 986 F.2d

905, 911 (5th Cir. 1993) (holding that a § 924(c) charge could stand, despite the lack of a separate

conviction, where there was "evidence showing that a reasonable jury could have found

[Defendant] guilty"). Here, Defendant's factual basis clearly contains sufficient evidence to

establish the "fact" of an actual Hobbs Act Robbery.[2] Likewise, at Defendant's rearraignment, the

---

[2] The Factual Basis states:

> HAMILTON admits that he committed the following armed robbery. On April 3, 2018, Tyrone Scott, Ernest Thomas and LARRY HAMILTON conducted an armed robbery of the Domino's Pizza restaurant, located at 5240 Elysian Fields Avenue. HAMILTON admits that the robbery of the Domino's Pizza involved the brandishing of at least two firearms. Specifically, HAMILTON admits that he and both his co-conspirators with whom he committed the robbery knowingly used, carried and brandished a firearm, and that HAMILTON and his codefendants/co-conspirators knew about the guns in advance of the robbery. HAMILTON also admits that the robbery of Domino's Pizza delayed, obstructed, or affected interstate commerce as defined in the Hobbs Act.
>
> HAMILTON admits that he and his co-conspirators wore clothing that covered their faces and disguised their identities. As a customer was walking out of Domino's Pizza. HAMILTON and his coconspirators told him to hold the door open. Not knowing that HAMILTON and the others were planning an armed robbery, the customer willingly held the door open. . . . HAMILTON grabbed the customer at the door and forced him inside of the Domino's Pizza and shoved him onto the ground. After entering Domino's Pizza, Thomas acted as a look-out, while HAMILTON covered the employees at gunpoint, and Scott took the money from the business.
>
> Video footage of the Domino's security camera shows Thomas, Scott and HAMILTON, dressed in clothing that obscured their faces, and rushed into the business as an unknowing customer held the door open. The video shows HAMILTON armed with a handgun with an extended clip. HAMILTON grabs the customer holding the door open and forces him inside. Once inside, Scott, who was armed with a long gun, made the manager give him money, while HAMILTON secured the employees . . . The video shows HAMILTON holding a gun to one of the employee's head, while he forced him to open a drawer, which was empty. . . Approximately, $900 was forcefully taken from the Domino's Pizza.

Court explained to Defendant that the predicate crime for his § 924(c) charge was an actual Hobbs Act Robbery, not a conspiracy to commit such robbery.[3]

Overall, the Court finds that the plain language of the indictment specifies actual Hobbs Act Robbery, not the conspiracy charge, as the relevant predicate. This charge was explained to Defendant at his change of plea hearing and is supported by sufficient evidence in the factual basis. The Fifth Circuit has confirmed that Hobbs Act Robbery is a crime of violence that can support a § 924(c) charge. *United States v. Buck*, 847 F.3d 267 (5th Cir. 2017). Accordingly, the Court concludes that Defendant is not entitled to relief.

### V.   CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Mr. Hamilton's Motion, R. Doc. 237, is **DENIED.**

New Orleans, Louisiana, this 27th day of February, 2025.

_____

UNITED STATES DISTRICT JUDGE

---

[3] The Court explained to Defendant:

> "For you to be found guilty of [the § 924(c) charge], the government must prove each of the following beyond a reasonable doubt: First, that you knowingly carried and used a firearm during and in relation to a crime of violence for which you may be prosecuted in a court of the United States; that is the armed robbery of a Domino's Pizza Restaurant at 5240 Elysian Fields Avenue on April the 3rd, 2018."